# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00177-CV

**Gerald Wayne Inman, Appellant**

**v.**

**Sherry Ann Bryant, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 99,291-E, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court signed an order awarding appellee Sherry Ann Bryan almost $30,000 in child support arrearages from appellant Gerald Wayne Inman. Appellant, who is representing himself pro se, timely filed a notice of appeal and affidavit of indigence on March 14, 2008. Two weeks later, he filed a motion in this Court asking us to suspend the enforcement of the judgment, citing rule 24.2 of the rules of appellate procedure and arguing that he is entitled to suspension of the judgment without the need to post a supersedeas bond. *See* Tex. R. App. P. 24.2(a)(1) (to suspend judgment for money, bond must equal money award plus interest and costs, but may not exceed lesser of $25 million or 50% of judgment debtor's net worth). Appellee has filed a response asserting that the trial court has sole jurisdiction to determine the sufficiency of supersedeas and whether the bond amount should be reduced.

Appellant has since filed a motion asking for an extension time to pay his filing fees and again asking us to suspend the judgment. In this motion, he explains that the court reporter filed a contest to his affidavit of indigence and that, after a hearing, the court signed an order sustaining the contest and denying appellant's request for a free record. Appellant asserts that he did not receive notice of the contest and hearing on the contest until nearly two weeks after the contest was filed and three days after the trial court signed its order. He filed a motion in the trial court asking for a new hearing on the contest; the record does not reflect whether the trial court has acted on that motion.

We agree with appellee that the trial court is the proper court to determine whether the judgment should be suspended. *See* Tex. Fam. Code Ann. § 109.002(c) (West 2002) (appeal from final SAPCR order does not stay order unless trial court orders suspension "with or without a supersedeas bond"). We therefore abate the appeal until June 30, 2008, and remand it to the trial court to determine whether the judgment should be suspended and if so, under what conditions.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Abated

Filed: May 16, 2008